**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **U.S. BANK, NATIONAL** | ) | |
| **ASSOCIATION, as Trustee under the** | ) | |
| **Pooling and Servicing Agreement dated** | ) | |
| **as of April 1, 2002, Morgan Stanley Dean** | ) | |
| **Witter Capital I Inc. Trust 2002-NC2** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 12 CV 1963** |
| | ) | |
| **WILLA DUNN,** | ) | **Judge John Z. Lee** |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

On August 23, 2012, the Court entered a judgment of foreclosure against Defendant

Willa Dunn. Dunn now moves to vacate the judgment and stay the sale of her house. For the

following reasons, the Court denies Dunn's motion.

### Background

On February 5, 2002, Willa Dunn borrowed $171,000 and signed a Note (the "Note") and

thirty-year Mortgage (the "Mortgage") with New Century Mortgage Corporation ("New City")

to purchase a house in Crete, Illinois. (Compl. 1-2.[1])

On January 29, 2007, the Note and Mortgage were assigned to Plaintiff U.S. Bank

National Association, as Trustee under the Pooling and Servicing Agreement dated as of April 1,

2002, Morgan Stanley Dean Witter Capital I Inc., Trust 2002-NC2 ("US Bank"). (*Id.*, Ex. 5,

Assignment of Mortgage 2.)

---

[1] Pursuant to the Judgment of Foreclosure, "[a]ll the material allegations of the Complaint filed
pursuant to 735 Ill. Comp. Stat. 5/15-1504, including those required by statute, are true and proven."
*See* J. Foreclosure., Aug. 23, 2012, Dkt. 22.

Since October 2009, Dunn has not made a payment on the Mortgage. (*Id.* 3.) On March 17, 2012, U.S. Bank filed a complaint against Dunn to foreclose on her mortgage. (*Id.* 1.) On April 14, 2012, Dunn was personally served with summons, but she did not respond. (Dkt. 5.) On May 14, 2012, U.S. Bank moved for default judgment against Dunn. On May 21, 2012, the Court ordered Dunn to answer, but she never did. On August 23, 2012, default judgment was granted against Dunn and a judgment of foreclosure was entered. (Dkt. 20-22.)

On January 8, 2013, Dunn, representing herself, moved to vacate the judgment of foreclosure and stay the sale the house.

## Discussion

Under Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides that the Court may relieve a party from a final judgment in the event of: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) a voided judgment; (5) a satisfied judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The Seventh Circuit has held that a defendant seeking to vacate a default judgment must show (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 809-810 (7th Cir. 2007). Failure to show any of these precludes a court from vacating a default judgment. *See Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994).

Here, Dunn contends that (1) U.S. Bank cannot foreclose because U.S. Bank did not produce the original Note or assignment; (2) U.S. Bank accepted an improper and/or illegal transfer of the note; (3) U.S. Bank fraudulently denied Dunn a loan modification; (4) U.S. Bank did not notify Dunn of the default judgment motion in a timely manner; and (5) U.S. Bank used

unlawful business practices to foreclose. (Def.'s Mot. 2-6.) U.S. Bank contends that it has standing to sue and that the foreclosure proceedings were proper. The Court agrees.

## I.    Good Cause

A litigant who "willfully disregards deadlines and court orders faces a difficult, if not impossible, task in proving good cause for the default." *Jones*, 39 F.3d at 164. "Although civil litigants who represent themselves ("pro se") benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Id.* (internal citations omitted). Where a party has notice of court proceedings and chooses not to participate, the party fails to show good cause for vacating a default judgment. *Id.* (party failed to establish good cause because the party "fail[ed] to respond to the district court's directives" and showed "continued flagrant disregard for court orders and procedures"); *see also U.S. v. One 1979 Rolls-Royce Corniche Convertible*, 770 F.2d 713, 716 (7th Cir. 1985) (no good cause for vacating default judgment where party had notice of proceeding and chose not to respond or participate).

Here, Dunn has not offered any facts establishing good cause for vacating the default judgment entered against her. On April 14, 2012, she was personally served with the complaint, but she failed to answer, appear, or otherwise participate in the litigation, despite language in the summons stating that she was "required to serve . . . an answer to the complaint . . . [within] twenty-one (21) days," and noting that "[i]f you fail to do so, judgment by default will be taken against you." She offers no explanation for her failure to respond to the complaint.

Additionally, U.S. Bank mailed Dunn a copy of the motion for default judgment on May 5, 2012. On May 21, 2012, the Court ordered Dunn to answer within 28 days. Dunn failed to answer, appear, or otherwise participate in the litigation. On August 20, 2012, when the case

was transferred from Judge Pallmeyer to Judge Lee, U.S. Bank re-noticed its motion for default judgment and mailed Dunn another copy of the motion. Again, Dunn failed to respond, appear, or otherwise participate in the litigation. She offers no explanation for why she (1) failed to respond to U.S. Bank's first issuance of its motion for default judgment; (2) ignored the Court's May 21, 2012 order to answer; and (3) failed to respond to U.S. Bank's second issuance of its motion for default judgment.

Finally, on August 23, 2012, the Court held a hearing on U.S. Bank's motion for default judgment against Dunn. Dunn failed to appear, and the Court granted U.S. Bank's motion. Dunn offers no explanation for failing to appear at the motion hearing. She also offers no explanation for failing to seek relief from the judgment within 28 days of its entry pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.") Instead, on January 8, 2013, more than four months after default judgment was entered against her, she filed a motion to vacate the judgment and stay the sale of the house. Dunn's failure to participate in the litigation, despite her having notice of the proceedings and having been ordered by the Court to answer U.S. Bank's motion for default judgment, does not provide good cause to vacate default judgment against her.

## II. Quick Action

The "quick action" prong of the standard for vacating default judgments concerns the amount of time that elapses between entry of judgment and the motion to vacate. *See Jones*, 39 F.3d at 165 (defendant failed to demonstrate "quick action" where "nearly five weeks passed after entry of the default judgment before [the defendant] filed her motion to vacate it"). "Quick action to attack a default judgment is required because the cement of finality hardens

each and every day beyond the entry of judgment; the winning party increasingly fashions its expectations and affairs on having and holding the judgment as time passes." *Id.*

Here, over four months passed between the Court's entry of default judgment against Dunn on August 23, 2012, and Dunn's filing to vacate the judgment on January 8, 2013. During the time that Dunn did nothing, U.S. Bank arranged for the sale of the house, which was originally scheduled for January 29, 2013. U.S. Bank has rescheduled the sale of the house twice. Thus, Dunn's failure to take "quick action" precludes the Court from vacating the default judgment against her.

### III.    Meritorious Defense

Finally, Dunn has failed to demonstrate a meritorious defense to the entry of default judgment against her. To satisfy the third mandatory condition for setting aside a default judgment, a movant must present a defense that "at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones*, 39 F.3d at 165. "A meritorious defense requires more than a 'general denial' and 'bare legal conclusions." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994).

Here, Dunn provides nothing more than general denials and bare legal conclusions. First, she has failed to provide any factual basis for her legal conclusion that U.S. Bank does not have standing to sue. Under Illinois foreclosure law, a plaintiff bringing a foreclosure action must meet the particular pleading requirements of 735 Ill. Comp. Stat. 5/15 – 1504. This provision requires the plaintiff to attach a copy of both the mortgage and the note as exhibits. *Id.* U.S. Bank attached to the Complaint both Dunn's original Mortgage and Note with New City and the assignment of the Mortgage from New City to U.S. Bank. This establishes a prima facie right to enforce the Mortgage and Note. *See Ocwen Loan Servicing LLC v. Kroening*, No. 10 C 4692,

2011 WL 5130357, at *4 (Oct. 28, 2011) (attaching the note to the complaint "is evidence that Ocwen possesses the Note"). Dunn offers no facts to support her contention that U.S. Bank is not the owner of her Mortgage.

Second, Dunn has failed to demonstrate that U.S. Bank fraudulently denied her a loan modification. Under Illinois law, debtors have a claim against mortgage servicers for refusing to modify a loan when the debtor meets certain conditions and the servicer and the debtor enter into a sufficiently detailed contract providing for such a modification. *See Wigwod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 560-566 (7th Cir. 2012) (individual stated a claim for breach of contract against bank for failing to modify her loan where a written document contained a valid offer, consideration, and clear and definite terms regarding a loan modification.)

Here, Dunn has provided no evidence that she met all the conditions for a loan modification or had a contract to modify her loan. She contends that she met all conditions, but provides no evidence to support that contention. As stated, a meritorious defense "requires more than a 'general denial' and 'bare legal conclusions." *Pretzel*, 28 F.3d at 46.

Finally, as discussed, Dunn received notice of U.S. Bank's complaint and motion for default judgment, on multiple occasions. Thus, her claim that she did not receive timely notice is not a meritorious defense to the default judgment.

## Conclusion

For the reasons herein, the Court denies Defendant's motion to vacate judgment of foreclosure and/or stay the sale of the property [23].

**SO ORDERED**              **ENTER:  3/25/13**

**JOHN Z. LEE**
**U.S. District Judge**